UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY WILLIAMS,<br>    Plaintiff, | :<br>:<br>:        PRISONER |
| v. | :        Case No. 3:12-cv-339 (VLB)<br>: |
| LT. FRASER, et al.,<br>    Defendants. | :<br>: |

### INITIAL REVIEW ORDER

Plaintiff Stanley Williams, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000), against defendants Lt. Fraser, C/O Cardoso, C/O Rado, C/O Grasso, Lt. Fargo, Lt. Morris, Lt. Rodriguez, Medic Curz, MHU worker Torre, Deputy Warden Hannah, Deputy Warden Falcone, Warden Simply and CTO McNaughton in their individual and official capacities.  The plaintiff alleges that these defendants used excessive force against him on December 2, 2011, failed to intervene to prevent the use of excessive force, or failed to take corrective action when informed of the incident.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d

Cir. 2005).  The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

   The plaintiff alleges that defendants Rado and Grosso repeatedly harassed him by kicking and banging on his cell door when he was sleeping.  In response, on December 2, 2011, the plaintiff covered his cell window with the intent to attract the attention of a supervisor touring the housing unit.

   Instead, defendant Fraser and Cardoso removed the covering from the window by reaching into the cell through the trap in the cell door.  Defendant Fraser then used excessive force against the plaintiff by spraying him with a chemical agent and defendant Cardoso then fabricated an incident report to justify the use of force.  Defendants Torre, Fargo, Morris and Rodriguez were

present but refused to intervene to prevent the use of force. After the plaintiff was subdued, defendants Cardoso and Fraser again sprayed the plaintiff with a chemical agent before placing him in in-cell restraints. Defendant Curz came to check the restraints, but both he and defendant Torre refused to assist the plaintiff.

Later that day, the plaintiff reported the incident to defendants Hannah and Falcone. They did not believe the plaintiff and refused to call the state police to enable the plaintiff to report the incident or let him shower. The plaintiff reported the incident to Warden Simply who sent an correctional captain to investigate the incidents. The captain told the plaintiff that correctional staff does not call the state police for inmates but provided him the address to enable the plaintiff to make his own report.

Defendant Fraser issued the plaintiff a disciplinary report for threats. Defendant McNaughton was the plaintiff's advocate at the disciplinary hearing. After defendant McNaughton identified several errors with the disciplinary report, the plaintiff was told that the charge would be dismissed.

The plaintiff seeks damages against the defendants in their individual and official capacities. In a section 1983 action, the court may award damages against the defendant in his individual capacity only. See Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment precludes suit against state officials for damages in their official capacity). Accordingly, all claims are dismissed pursuant to 28 U.S.C. § 1915A.

The warden is a supervisory official. The doctrine of respondeat superior is inapplicable in section 1983 cases. See Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003). Supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort. To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). The plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

When the plaintiff informed the warden of the incidents, the warden sent a correctional captain to investigate the matter. The plaintiff does not allege that the investigation was deficient or that the warden had any prior knowledge that the incident was likely to occur. The captain did not contact the state police for the plaintiff, but did provide him with contact information enabling the plaintiff to

make his own report. Thus, the court can discern no cognizable complaint against defendant Warden Simply.

Defendant McNaughton represented the plaintiff at his disciplinary hearing and was responsible for the charges being dismissed. Although defendant McNaughton did not contact the state police for the plaintiff, he was provided contact information to enable him to make his own report. As the plaintiff was able to contact the state police, any claim for denial of that right asserted against defendant McNaughton fails. See Flores v. Lantz, No. 3:05-CV-1288(RNC), 2008 WL 4453421, at *6 (D. Conn. Sept. 30. 2008) (granting summary judgment on claim against correctional staff for denial of right to report incident to state police where plaintiff was able to contact state police through family member). The claims against defendant McNaughton are dismissed.

The case will proceed against the remaining defendants in their individual capacities only.

## ORDERS

The Court enters the following orders:

(1)     All claims against defendants Simply and McNaughton and the claims against the defendants in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A.

(2)     The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant, Lt. Fraser, C/O Cardoso, C/O Rado, C/O Grasso, Lt. Fargo, Lt. Morris, Lt. Rodriguez, Medic Curz, MHU worker Torre, Deputy Warden

**Hannah and Deputy Warden Falcone, with the Department of Correction Office of Legal Affairs. The Pro Se Prisoner Litigation Officer shall mail waiver of service of process request packets to each defendant at the confirmed addresses within fourteen (14) days of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).**

**(3)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.**

**(4)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.**

**(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.**

**(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this**

order.  Discovery requests need not be filed with the court.

    (7)    All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

    (8)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    So ordered this 15th day of May 2012, at Hartford, Connecticut.

                                          /s/
                            Vanessa L. Bryant
                            United States District Judge